UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RIVER REALTY LLC, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 09-7462** |
| **RIVER REALTY LLC, ET AL.** | * | **SECTION "L"(4)** |

## ORDER AND REASONS

The Court has before it Plaintiff's Motion to Appoint a Receiver (Rec. Doc. 25) and Motion for Leave to File a Reply (Rec. Doc. 38). Defendants have responded. The Court has considered the briefs and the applicable law and now issues the following Order and Reasons.

## I. BACKGROUND

This case arises out of a dispute between Plaintiff Thomas A. Carrere and Defendants Richard J. Carrere and James L. Carrere, the members of River Realty, LLC.[1] Plaintiff alleges that the Defendants have breached a fiduciary duty owed to him and to River Realty, LLC, in a number of ways, including removing Plaintiff as President of the LLC, locking him out of the company's offices, failing to develop property owned by the company, and making unequal monetary distributions.

Plaintiff also alleges that in connection with their breaches of fiduciary duty, Defendants accessed his password-protected computer without authorization, accessed and forwarded his emails and other data, and locked him out of access to his computer by changing the password,

---

[1] The parties are brothers and evidently this is not the first lawsuit arising out of these facts.

all in violation of a number of federal statutes.

## II.     PRESENT MOTION

Plaintiff has moved the Court to appoint a receiver to manage River Realty, LLC. Plaintiff alleges that Defendants have wrongfully removed him from his position with River Realty, have blocked Plaintiff from exercising rights pursuant to a lease between River Realty and a separate entity owned by Plaintiff, and have made improper distributions of River Realty assets.  In opposition, Defendants argue that appointment of a receiver is premature and dispute Plaintiff's account of the facts.

## III.    LAW AND ANALYSIS

As a threshold matter, the Court disagrees that Louisiana Revised Statute § 12:151 provides the pertinent standard for appointment of a receiver.  The Federal Rules "govern an action in which the appointment of a receiver is sought."  Fed. R. Civ. P. 66.  Admittedly, some aged Fifth Circuit authority indicates that the Court may enforce a state statutory receiver remedy.  *See Kohler v. McClellan*, 156 F.2d 908, 912 (5th Cir. 1946) ("Where the requisite amount and diversity of citizenship ground of jurisdiction exist, the remedy afforded by the state act may be availed of as well in a federal court as in a state court.").  But in light of more recent authority holding that appointing a receiver "is a procedural matter governed by federal law and federal equitable principles," the Court will analyze the motion as a request for a receiver under Federal Rule of Civil Procedure 66.  *See Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993); *see also Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009) ("[A]lthough a state statute may provide a vehicle for the appointment of a receiver, such a statute does not change the nature of the federal courts' equitable powers.").

Appointment of a receiver can be sought "by anyone showing an interest in certain property or a relation to the party in control or ownership thereof such as to justify conservation of the property by a court officer." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997).  However, appointment of a receiver is a "drastic remedy."  *See id.*; *accord LaPeter*, 563 F.3d at 844 ("Under federal law, appointing a receiver is an extraordinary equitable remedy, which should be applied with caution.") (quotation omitted).  Whether to appoint a receiver is committed to the sound discretion of the district court, as is "the form and quantum of evidence required" on a motion to appoint.  *Santibanez*, 105 F.3d at 241 (citation omitted).  In exercising that discretion, the court should consider a number of factors, including:

> a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Id.* (citing *Aviation Supply Corp.*, 999 F.2d at 316-17).

Plaintiff and the Defendants hotly dispute the facts of their relationship to each other and to River Realty, LLC.  For example Plaintiff and Defendants each accuse the other of improperly converting LLC assets.  On this disputed record, the Court is unable to assess the relevant factors such as the validity of Plaintiff's claim, the probability that fraud has occurred, any imminent danger to the value of the LLC, or whether appointing a receiver will do more harm than good.  Because appointing a receiver is a drastic, extraordinary remedy, the Court will not appoint a receiver at this time on the basis of this unsettled record.

## IV.    CONCLUSION

Accordingly, IT IS ORDERED THAT Plaintiff's Motion to Appoint a Receiver is DENIED.  Additionally, Plaintiff's Motion to for leave to file a reply is GRANTED.

New Orleans, Louisiana, this 22nd day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE